**KRISTI H., a minor By and Through her parent and next friend, VIRGINIA H., Plaintiff,**

v.

**TRI–VALLEY SCHOOL DISTRICT, and Robert E. Franklin, in his official capacity as Superintendent of the Tri–Valley School District, Defendants.**

No. 3:99 CV 2093.

United States District Court,
M.D. Pennsylvania.

July 25, 2000.

Judith A. Gran, Max Lapertosa, Lionel A. Dyson, Public Interest Law Center of Philadelphia, Philadelphia, PA, Yvonne M. Husic, Nicholas & Foreman, P.C., Harrisburg, PA, for Kristi H, Kristi H, by and through her mother and next friend, Virginia H, plaintiff.

Gina K. DePietro, Sweet, Stevens, Tucker & Katz, LLP, New Britain, PA, for Tri–Valley School District, Robert E. Franklin, defendants.

## MEMORANDUM

MUNLEY, District Judge.

Before the court for disposition is the defendants' motion to dismiss this action that was brought under the Individuals with Disabilities Education Act. 20 U.S.C.A. § 1400 *et seq.* The plaintiff is Kristi H., a minor by and through her parent and next friend, Virginia H., and the defendants are Tri–Valley School District and Robert E. Franklin in his official capacity as Superintendent of the Tri–Valley School District. The matter is ripe for disposition as it has been fully briefed and argued.

### Background

Involved in the instant matter is the Individuals With Disabilities Education Act (hereinafter "IDEA"). In order to receive certain federal education funding, states must comport with the requirements of the IDEA, which provides in general that "free appropriate public education" must be made available to all children with disabilities[1] between the ages of

---

1. The IDEA defines a "child with a disability" as a child with mental retardation, hearing impairments (including deafness), speech or language impairments, visual impairments (including blindness), serious emotional disturbance, orthopedic impairments, autism, traumatic brain injury, other health impairments, or specific learning disabilities and who by reason thereof, needs special education and related services. 20 U.S.C. § 1401(3).

three and twenty-one, inclusive. 20 U.S.C. § 1412(1)(A). An individualized education program (hereinafter "IEP") must be developed for each child with a disability[2]. *Id.* § 1412(4). The law further provides "To the maximum extent appropriate, children with disabilities, including children in public or private institutions or other care facilities, are educated with children who are not disabled ..." *Id.* § 1412(5)(A).

In order to resolve disputes that may arise under the IDEA between the parents and the school district, each state must establish a procedure involving an administrative review hearing. This hearing is called a "due process" hearing. 20 U.S.C. §§ 1415(f)–(i). Pennsylvania has implemented a two-tiered system where the local school district conducts an initial review. If appealed, the local district's decision is reviewed by a three-member Special Education Appeals Panel. 22 Pa.Code § 14.64. According to the IDEA, a civil action can only be brought in a federal district court after this two-tiered system has been exhausted. 20 U.S.C. § 1415(i)(2)(A).

If it is found that a school district has failed in its duty to provide "free appropriate education," the student may be awarded compensatory education. Compensatory education is an extension of the student's entitlement to a free appropriate education beyond the age of twenty-one to compensate for deprivations of that right before the student turned twenty-one. *Carlisle Area School v. Scott P.,* 62 F.3d 520, 536 (3d Cir.1995).

Kristi H., plaintiff in the instant case, was seventeen years old at the time of the filing of the complaint. She lives with her mother, Virginia H., within the geographical boundary of the Tri–Valley School District. Plaintiff is mentally retarded, and

the defendants recognize that she is eligible for special education services under IDEA. Compl. ¶ 4.

Plaintiff's educational history is as follows: She attended kindergarten classes in a segregated center with only disabled children. The center was run by the Schuylkill County Intermediate Unit. Compl. ¶ 9. The Schuylkill County Intermediate Unit is a special school district that covers and operates special education programs for the defendant and other surrounding school districts in Schuylkill County. *Id.* at n. 2.

After kindergarten, and for the years 1990 through 1998, plaintiff was placed in an Intermediate Unit operated "life skills" classroom, which was also segregated. It was also located outside of the Tri–Valley School District. Compl. ¶ 10.

Plaintiff's mother was not satisfied with the education her daughter was receiving. Accordingly, on March 25, 1999, she requested a special education due process hearing to address the district's failure to provide an appropriate free education. Compl. ¶ 14.

On July 26, 1999, a Pennsylvania special education due process hearing officer held a one day hearing. Compl. ¶ 15. The hearing officer issued a written decision on August 9, 1999. Compl. ¶ 16. The hearing officer determined that IEP's developed by the defendant for the plaintiff for the two preceding years were inappropriate and failed to give her any meaningful benefit. *Id.* The hearing officer awarded the plaintiff, *inter alia,* two school years of compensatory education. Compl. ¶ 18. The defendant school district filed exceptions to the hearing officer's order with the Pennsylvania Special Education Appeals Panel. The district sought to have the

---

**2.** An IEP is a written statement developed for the disabled student which must include, *inter alia:* 1) a statement of the child's present levels of educational performance; 2) a statement of measurable annual goals, including benchmarks or short term objectives; 3) a statement of the special education and related services to be provided to the child; 4) an explanation of the extent, if any, to which the child will not participate with nondisabled children in the regular class; 5) a statement of how the child's progress toward the annual goals will be measured. 20 U.S.C. § 1414(d).

amount of compensatory education awarded to the plaintiff reduced from two years to one. Compl. ¶ 22. The Appeals Panel upheld the defendant's exceptions and reduced the award of compensatory education to one year. Compl. ¶ 23. Plaintiff has brought suit to challenge the Appeals Panel's ruling. Plaintiff seeks to have its decision reversed and have the plaintiff provided with compensatory education beginning with the 1994–95 school year, or in the alternative, the two school years awarded by the due process hearing officer.

Defendants have filed a motion to dismiss the plaintiff's complaint pursuant to F.R.Civ.P. 12(b)(6). Defendant's motion raises the following two issues: 1) whether a one year effective "statute of limitations" for compensatory education claims exists under the Individuals with Disabilities Education Act; and 2) whether plaintiff has exhausted administrative remedies under the IDEA, or whether exhaustion is necessary, concerning compensatory education for the school years 1994–95 to 1996–97. We shall address each issue *seriatim.*

**Standard of review**

When a 12(b)6 motion is filed, the sufficiency of a complaint's allegations are tested. The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted. In deciding a 12(b)6 motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff. *Morse v. Lower Merion School District,* 132 F.3d 902, 906 (3d Cir.1997).

**Discussion**

### A. Exhaustion of administrative remedies

Defendants first argue that the plaintiff failed to exhaust the available administrative remedies for the 1994–95, 1995–96, and 1996–97 school years.[3] Plaintiff maintains that the issues for these years have been adequately exhausted and are properly before this court. After a careful review, we find that for the years in question, the plaintiff failed to exhaust the available administrative remedies.

As set forth above, each state must establish a procedure where disputes involving the IDEA can be resolved through an administrative review hearing or "due process" hearing. 20 U.S.C. §§ 1415(f)–(i). Pennsylvania has implemented a two-tiered system where the local school district conducts an initial review. If appealed, the local district's decision is reviewed by a three-member Special Education Appeals Panel. 22 Pa.Code § 14.64. According to the IDEA, a civil action can only be brought in a federal district court after this two-tiered system has been exhausted. 20 U.S.C. § 1415(i)(2)(A).

In the present case, it is apparently uncontested that after the initial due process hearing, the plaintiff did not appeal to the Special Education Appeals Panel. The defendants did appeal the portion of the decision regarding the 1997–1998 school year. Compl. ¶¶ 22–24. Defendants' argument is that because the plaintiff did not appeal the decision regarding the 1994–95, 1995–96 and 1996–97 school years, the claims relating to those years are unexhausted, and judicial review of those claims is inappropriate.

Plaintiff counters the defendants' arguments with two different contentions. First, plaintiff contends that when a matter is appealed, the Appeals Panel has a duty to conduct a review of the entire hearing record. Accordingly, instead of merely examining the years which defendant appealed, the Appeals Panel was required to also address the prior years now at issue. Second, plaintiff claims that ex-

---

**3.** Defendant does not contest that claims regarding the 1997–1998 school year have been exhausted and concedes liability for compensatory education for the 1998–1999 school year.

haustion is not required because the issue before the Appeals Panel and this court is purely legal. We find no merit to either contention but shall address them both.

### 1. Did the Appeals Panel have a duty to review even unappealed school years?

Plaintiff's initial argument is that regardless of whether she appealed the due process hearing officer's decision regarding the school years in question, 1994–95, 1995–96 and 1996–97, the Appeals Panel was, nonetheless, required to make an independent review of the matters raised at the initial due process hearing. Because the Appeals Panel had a duty to review the school years at issue, the exhaustion of administrative remedies requirement is met even though the plaintiff never appealed the Due Process decision. We disagree. The case that plaintiff cites, *Carlisle Area Sch. Dist. v. Scott P.*, 62 F.3d 520, 526 (3d Cir.1995), simply does not support her position.

The *Scott P.* case deals with the degree of deference an appeals board must provide a due process hearing officer's findings. The court held as follows: " ... [A]ppeals panels reviewing the fact findings of hearing officers ... exercise plenary review, except that they should defer to the hearing officer's findings based on credibility judgments unless the non-testimonial, extrinsic evidence in the record would justify a contrary conclusion or unless the record read in its entirety would compel a contrary conclusion." *Scott P.*, 62 F.3d at 529. The issue in the instant case is whether school years which were not appealed by the parents were before the appeals panel for purposes of exhaustion of administrative remedies. Because the *Scott P.* case involves the degree of deference in matters already before it, as opposed to which matters are properly the subject of the appeal, we find it does not support the plaintiff's position.

Plaintiff cites one other case in support of her position, *Millersburg Area School District v. Lynda T.*, 707 A.2d 572 (Pa. Cmwlth.1998). Once again this case is inapplicable to the present case. In *Lynda T.*, the parents appealed an adverse decision by the due process officer. In their exceptions to the officer's decision, the parents raised the issue of the appropriateness of past IEP's. *Id.* at 576. Accordingly, issues regarding the past IEP's were before the Appeals Panel. In the present case, the parent never filed exceptions to the due process hearing officer's decision although the decision was partially adverse to the plaintiff. The school district was the sole party to appeal and, and it only appealed regarding the years for which compensatory education was awarded.

Accordingly, if five school years are addressed by the due process officer and only two of those years are appealed, nothing in the law requires the Appeals Panel to address the years that were not appealed. That is, the Appeals Panel is not bound to address the three school years which were not appealed, and administrative remedies are not exhausted with respect to those years. Thus, we find plaintiff's argument to be without merit.

### 2. Is exhaustion not required because the issue before the Appeals Panel and this court is purely legal?

Next, plaintiff argues that exhaustion of administrative remedies is not required because the issues raised are purely legal. Plaintiff contends that only one substantive issue is presented with regard to the school years 1994–1997. This issue is whether a one-year cutoff to compensatory education claims is appropriate as a type of statute of limitations.

We are in agreement with the plaintiff that exceptions to the general rule of exhaustion of administrative remedies do exist. These exceptions are: where exhaustion would be futile or inadequate, where the issue presented is purely a legal

question, where the administrative agency cannot grant the requested relief, or where exhaustion would work severe or irreparable harm upon a litigant. *Komninos v. Upper Saddle River Bd. of Educ.,* 13 F.3d 775, 779 (3d Cir.1994). The basis for the exception regarding purely legal questions is futility. The purpose of exhaustion is for the administrative officer to develop a factual record where his peculiar expertise is necessary. *Lester H. v. Gilhool,* 916 F.2d 865, 869 (3d Cir.1990). If no factual record needs to be developed, i.e. the matter is purely legal, to proceed through the administrative proceedings is unnecessary.

■ In the present case, the plaintiff claims that the issue is purely legal. This issue is whether a one-year cutoff to compensatory education claims is appropriate as a type of statute of limitations. We disagree that only a question of law is at issue. The issue is partially legal, as it must be determined whether the one-year cutoff is appropriate. If this issue is found in favor of the plaintiff, however, the merits of each year's IEP must be addressed. In other words, it would not be enough for us to find that as a matter of law that the plaintiff is not precluded from raising issues regarding 1994–1997; we would then have to address the merits of each year's program which is not a purely legal matter. Apparently, none of the administrative bodies addressed the merits of the claims regarding 1994–1997. Because the issue is not purely legal, the exception to exhaustion for purely legal issues is not applicable.

Consequently, we find as a matter of law, that the plaintiff has failed to exhaust her administrative remedies regarding 1994–95, 1995–96 and 1996–97. Therefore, pursuant to 20 U.S.C. § 1415(i)(2) the plaintiff cannot sustain the current civil action regarding those years.

### B. 1997–1998

The final issue raised by the defendant's motion to dismiss is whether the plaintiff's claim with regard to the 1997–1998 school year should be dismissed. The parties are in agreement that the administrative remedies for this school year have been exhausted. Defendant claims that the issues regarding this school year should be dismissed because the plaintiff did not comport with the equitable obligation to request a due process hearing with reasonable diligence. Defendant asserts that a parent who knows of her rights must assert them at or around the time of the dispute, or within one year of the school year in question. Plaintiff contends that Kristi H.'s right to compensatory education does not depend on when her mother filed for a due process hearing. After a careful review, and for the reasons that follow, we are in agreement with the plaintiff.

■ Under the case law of the Third Circuit, the right to compensatory education accrues from the point that the school district knows or should know of the IEP's failure. *M.C.v. Central Regional School District,* 81 F.3d 389, 396 (3d Cir. 1996). Moreover, the *M.C.* court stated that

> ... [A] child's entitlement to special education should not depend upon the vigilance of the parents (who may not be sufficiently sophisticated to comprehend the problem) nor be abridged because the district's behavior did not rise to the level of slothfulness or bad faith. Rather, it is the responsibility of the child's teachers, therapists, and administrators—and the multi-disciplinary team that annually evaluates the student's progress—to ascertain the child's educational needs, respond to deficiencies, and place him or her accordingly.

*Id.* at 397.

The fact that the parents complained about an IEP is relevant but not determinative of the issue of when the school district should have know that an IEP was inappropriate. *Id.* The Third Circuit Court of Appeals in discussing whether a two year statute of limitations applied to

claims for compensatory education stated: " ... [F]ailure to object to [a student's] placement does not deprive him of the right to an appropriate education." *Ridgewood Board of Education v. N.E.*, 172 F.3d 238, 250 (3d Cir.1999). In *Ridgewood*, the parents requested a due process hearing in 1996. *Id.* at 245. They were nonetheless permitted to seek compensatory education for the years 1988–1996. *Id.* at 251. In the current case, the plaintiff sought a due process hearing in 1999, Compl. ¶ 10, and at issue is compensatory education for the 1997–1998 school year. Pursuant to Third Circuit Court of Appeals authority such a claim is not barred by a one year statute of limitations.

 We are unconvinced by the defendant's reliance on *Bernardsville Board of Education v. J.H.*, 42 F.3d 149 (3d Cir. 1994). In *Bernardsville*, the parents removed their child from the public school and enrolled him in an out of district residential program that they believed would provide an appropriate education. The parents then sought to be reimbursed by the school for the amount it cost to enroll the student in the alternate program. The court held that the parents had a duty to seek review of the IEP they were challenging within one year of the unilateral placement for which reimbursement was sought. *Id.* at 158. We find this case to be distinguishable as it applies to reimbursement of educational expenses as opposed to compensatory education. Defendant maintains that because both tuition reimbursement and compensatory education are equitable remedies, the same limitations period which applies to tuition reimbursement should also apply to compensatory education. While the defendant may be correct in claiming that both are equitable remedies, the Third Circuit treats the two remedies differently. Defendant's argument would have been more cogent had the Third Circuit not specifically addressed compensatory education in *M.C.* and *Ridgewood, supra.*

Accordingly, we conclude that the plaintiff's failure to seek compensatory education for the 1997–1998 school year until 1999 does not bar her from seeking it in the instant action.

### Conclusion

Defendant's motion to dismiss will be granted in part and denied in part. The plaintiff's claims regarding the school years 1994–1995, 1995–1996 and 1996–1997 will be dismissed for failure to exhaust administrative remedies. The claim for compensatory education for the 1997–1998 school year will not be dismissed.